ALBERT ALVAREZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alvarez v. Commissioner
Docket No. 16665-86.
United States Tax Court
T.C. Memo 1987-263; 1987 Tax Ct. Memo LEXIS 263; 53 T.C.M. (CCH) 901; T.C.M. (RIA) 87263; May 27, 1987. Albert Alvarez, pro se. Robert S. Scarbrough, for the respondent. GALLOWAY
MEMORANDUM FINDINGS OF FACT AND OPINION GALLOWAY, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) [1] of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court rules of Practice and Procedure.
Respondent determined a deficiency of $1,136 in petitioner's 1983 Federal *264 income tax. Petitioner concedes that he failed to report taxable wages received from Dale McClune in the amount of $1,375. The remaining issues for decision are whether petitioner is taxable on: (1) unreported interest income in the amount of $1,161; and (2) other income totaling $2,561. Some of the facts were stipulated and are so found. Petitioner resided in Freedom, California, at the time he filed his petition. Petitioner's two sons, Albert, Jr. and Joseph, were 13 and 10 years of age, respectively, in 1983. Petitioner, with his own money, opened several bank accounts at Wells Fargo Bank, Cupertino, California, in 1983 in his name and the name of one of his sons. Information received by respondent from the bank revealed that the accounts containing these deposits were in petitioner's name. Petitioner has the burden of proving that interest income from these accounts is not taxable to him. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). He has presented neither account cards or other written evidence in support of his contention that the unreported interest income was not taxable to him. See Crane v. Commissioner,49 T.C. 85, 90 (1967); *265 Garriss Investment Corp. v. Commissioner,T.C. Memo. 1982-38. Respondent is sustained on this issue. Petitioner was employed by Lockheed Corporation from 1974 until April 1983. The company reported to the government that it paid "ordinary income" to petitioner in the amount of $2,561 in 1983. This amount was omitted from petitioner's return. Petitioner claimed the amount received was nontaxable. Pursuant to petitioner's request, we held the record open after the trial concluded to allow the parties an opportunity to furnish additional information concerning the taxability of the amount in issue. [2] Petitioner failed to submit documentation in support of his contention. Respondent, however, in a Supplemental Trial Exhibit, submitted a copy of Form 1099R issued by Lockheed Corporation to petitioner which disclosed that the company had paid petitioner a lump-sum distribution of $2,561.16 in 1983 from a profit-sharing plan, taxable as ordinary income. Petitioner has failed to show that the amount received was excludable by statute from his income. Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 431 (1955). See also Zell v. Commissioner,T.C. Memo. 1984-152, *266 affd. 763 F.2d 1139 (10th Cir. 1985). Respondent is therefore sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's request was based on a Lockheed brochure printed in November 1986 entitled "SAVINGS PLAN PLUS CHANGES IN 1987." This brochure stated in part, "Beginning in 1987, * * * Withdrawals of after-tax contributions made before 1984 are not subject to income tax."↩